**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANDRANIK OGANESIAN,

Petitioner,

v. No. 1:26-cv-00960-DHU-GJF

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Office Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, U.S. Department
of Homeland Security; and PAMELA BONDI,
U.S. Attorney General,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. Having reviewed the Petition, the record of the case, and relevant law, the Court determines that habeas relief is not available under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, or *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491 (2001). The Court will, therefore, **DISMISS** the Petition **WITHOUT PREJUDICE** to refiling, as set forth below.

Petitioner is a citizen of Russia. Doc . 11 at 2. At the time of filing, Petitioner was detained at the Cibola County Correctional Center in Milan, New Mexico. Doc. 1 at 1. Petitioner has been in Immigration and Customs Enforcement ("ICE") custody since August 13, 2025, and seeks immediate release from immigration detention. Doc. 11 at 3; Doc. 1 at 7. Petitioner received an Order of Removal to Uganda on March 9, 2026. Doc. 11 at 3. He appealed the Order of Removal

to the Board of Immigration Appeals ("BIA") on March 25, 2026, which the BIA dismissed on September 8, 2026. Doc. 11 at 4. Petitioner's Order of Removal, therefore, became administratively final on September 8, 2026, and his removal period began the same day.

Where, as here, Petitioner is subject to a final order of removal, detention is governed by Section 1231 and *Zadvydas*. The Government is expected to secure a noncitizen's removal within 90 days. *Zadvydas,* 533 U.S. at 682; *see also* 8 U.S.C. § 1231(a)(1). The removal period begins when the removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). "During the 90-day removal period, . . . [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a 6-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.* at 701.

Here, the record reflects that Petitioner was issued an Order of Removal on March 9, 2026. Doc. 11 at 3. The record further reflects that Petitioner's Order of Removal became final on September 8, 2026, and that his removal period, therefore, began that same day. Doc. 11 at 4. Because 6 months have not yet elapsed since September 8, 2026, Petitioner's detention is presumptively reasonable under *Zadvydas*. *See id.* at 701. Moreover, noncitizens detained pursuant to Section 1231 are not entitled to a bond hearing. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to . . . orders of removal, meaning those [noncitizens] are not entitled to a

bond hearing."). Petitioner, therefore, cannot prevail on his claim for prolonged detention or obtain release or a bond hearing at this time.

Because the Court cannot grant the requested relief at this time, the Petition will be dismissed without prejudice as premature. Petitioner may refile his claims for prolonged detention after expiration of the 6-month period under *Zadvydas* or if the basis for the claims change.

**IT IS THEREFORE ORDERED** that Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to refiling. Respondents' Motion to Strike Reply (Doc. 13) and Petitioner's Motion for Expedited Considered (Doc. 14) are **DENIED AS MOOT.** The Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE